**YANMEI QIAN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Eric H. Holder, Jr., Respondents.**

No. 09–0684–ag.

United States Court of Appeals, Second Circuit.

Nov. 9, 2009.

Dehai Zhang, Flushing, NY, for Petitioner.

Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Kevin J. Conway, Attorney, Office of Immigration Litigation; United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: WALKER, ROBERT D. SACK, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Yanmei Qian, a native and citizen of the People's Republic of China, seeks review of a January 30, 2009 order of the BIA affirming the January 31, 2007 decision of Immigration Judge ("IJ") Gabriel C. Videla denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yanmei Qian,* No. A094–824–810 (B.I.A. Jan. 30, 2009), *aff'g* No. A094–824–810 (Immig. Ct. N.Y. City Jan. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions-or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008); *see also* 8 U.S.C. § 1252(b)(4)(B). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Here, substantial evidence supports the IJ's adverse credibility determination. In finding that Qian had not testified truthfully, the IJ observed that her testimony was indicative of someone who had memorized information rather than recalled actual events. Qian challenges this finding by labeling it "subjective." But it is precisely because demeanor is evaluated subjectively and intuitively that we accord the IJ "great deference." *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006).

The IJ also found that Qian had testified both that her children were born in the

same hospital and that they were not. Although Qian asserts that she adequately explained this inconsistency, we defer to the IJ's adverse credibility finding because she has not "demonstrate[d] that a reasonable fact-finder would have been *compelled* to credit [her] testimony." *Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005) (quotation marks omitted) (emphasis in original). Similarly, while Qian testified that she gave birth to her first child at age 19 and her second child at age 21, the birth certificates she submitted indicated that she was 37 when she gave birth to both children. Qian explained that she did not know that the birth certificates, obtained by her husband, were duplicates listing her age at the time of their August 2006 issuance. However, as the BIA observed, that explanation would not account for her evasive demeanor when she was first asked how old she was at the time of her children's births. Finally, because the IJ did not find Qian's testimony credible, the IJ did not err in noting the absence of documentary evidence that may have corroborated her claim. *See Biao Yang v. Gonzales,* 496 F.3d 268, 273 (2d Cir.2007) (per curiam); *see also Diallo v. Gonzales,* 445 F.3d 624, 633–34 (2d Cir.2006).

Because the record does not compel the conclusion that Qian was credible, the IJ properly denied her application for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). To the extent Qian challenges the IJ's denial of CAT relief before this Court, we are without jurisdiction to consider that argument because she failed to exhaust her CAT claim before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).